**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Carlos GARCIA–PEREZ, also known as Juan Perez–Perez, also known as Juan CSIA, also known as Juan Carlos Sonora, Defendant–Appellant.**

No. 05–11382.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided July 13, 2006.

Denise B. Williams, U.S. Attorney's Office, Northern District of Texas, Lubbock, TX, for Plaintiff–Appellee.

Jerry V. Beard, Assistant Federal Public Defender, Federal Public Defender's Office, Northern District of Texas, Lubbock, TX, for Defendant–Appellant.

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Juan Carlos Garcia–Perez raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David Paul WILCOX, Jr.,**
**Defendant–Appellant.**

No. 05–10835.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided July 13, 2006.

Susan B. Cowger, Linda R. Rossborough, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, for Plaintiff–Appellee.

Jason Douglas Hawkins, Federal Public Defender's Office, Northern District of Texas, Dallas, TX, for Defendant–Appellant.

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

published and is not precedent except under

**PER CURIAM:** *

Appealing the Judgment in a Criminal Case, David Paul Wilcox, Jr., raises arguments that are foreclosed by *United States v. Scroggins,* 411 F.3d 572, 576–77 (5th Cir.2005), which held that the Due Process Clause does not bar the application of Justice Breyer's remedy opinion in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), when resentencing defendants in light of *Booker,* and by *United States v. Reinhart,* 442 F.3d 857, 863 (5th Cir.2006), *petition for cert. filed* (June 5, 2006) (No. 05–11431), which held that the Ex Post Facto Clause does not apply to the courts. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Hector DIAZ–ZANOLETTI, also known
as Hector Diaz, Defendant–
Appellant.**

**No. 06–40242
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 13, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern Dis-

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.